THOMAS J. S. JOHNSON, ET AL., *v.* JOHN W. WALKER, ET AL.

**Newly Discovered Evidence—New Trial.**
> Where newly discovered evidence is merely cumulative, it is not a sufficient ground for a new trial.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

April 11, 1878.

OPINION BY JUDGE COFER:

The principle question of fact in this case was as to the location of the line dividing the lands of the plaintiff from those of the defendants. On that question the opinion of the court below and of this court was with the plaintiff.

There was much evidence introduced by each party, bearing more or less distinctly on that question. The testimony of surveyors and of persona acquainted, or who claimed to be acquainted with the line and corners, was introduced and considered.

The alleged newly discovered evidence merely goes to corroborate the evidence previously offered by the appellants, and is not only merely cumulative, but is of a very uncertain and unsubstantial character, being based alone on the recollections of witnesses of a conversation or declaration made nearly forty years ago, and their recollection and identification of places pointed out to them at that distant period.

We cannot say that the newly discovered evidence, if it had been before the court, would have had any controlling influence on the decision, or that it is even probable that if a new trial were granted the result would be different.

Mrs. Thornton's statement is vague and indefinite as to the exact location of the corner and line. She says she remembers the location of the corner by a small pin-oak near it, and its distance from the bank of the black pond, and that the corner pointed out to her was at least thirty feet east of the east fence of Walker and Johnson's lane. How she is able to inentify the spot where the corner stood she does not say, except that she knows its location by a pin-oak and its distance from the black pond. Whether the pin-oak is still standing or not, or how far or in what direction the corner was from the pin-oak, she does not say; nor does she say how far it was from the pond. It would be impossible now to locate the corner from her statement, unless it could be done from a statement that it was at

least thirty feet east of the east fence of the lane, and that statement admits of its being a greater distance from that fence.

The statements of Sale and Hallis are even less satisfactory, and the order of the chancellor overruling the motion for a new trial must be *affirmed*.

*Patrick Joyce & J. G. Wilson, for appellants.*

*John Roberts, for appellees.*